## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDRE COMBO** <br> 9895 Whiskey Run <br> Laurel, Maryland  20723 <br><br> Plaintiff, <br><br> v. <br><br> **BLACK ENTERTAINMENT TELEVISION, LLC, A.K.A. BET**, <br> One BET Plaza, <br> 1235 W Street, NE <br> Washington, DC 20018 <br><br> Defendant. | Civil Action No.: <br><br> **JURY DEMAND** |

## **COMPLAINT**

COMES NOW the Plaintiff, Andre Combo, by and through counsel, The Law Office of Jimmy A. Bell, P.C. and Jimmy A. Bell, Esquire, and respectfully presents this complaint against the Defendant, to enforce his rights under the District of Columbia Human Rights Act and the common laws of the District of Columbia.

### **JURISDICTION**

1. Plaintiff Andre Combo is a citizen of the Maryland.  Defendant, is a corporation chartered in the District of Columbia.  As these parties are citizens of different states and the amount in controversy is $1,000,000.00, federal jurisdiction is proper under 28 U.S.C. § 1332(a).

## VENUE

2. Venue is proper in the District of Columbia as the Defendant conducts business within the District of Columbia, and the acts complained of occurred within the said jurisdiction.

## STATEMENT OF FACTS

3. During all times mentioned in this complaint, Plaintiff Andre Combo was, and still is, a citizen of the United States and still resides, in Maryland.

4. Plaintiff earned his Bachelor of Science in Mass Communications from Norfolk State University and completed graduate studies in Mass Communication at Howard University.

5. Plaintiff has experience in this field dating back to 1984. The Plaintiff has held the following positions: Operations Manager, Video Lab Corporation; Stock Footage Sales Representative, National Geographic Society; Library Manager, C-SPAN; Media Librarian, Groupe Andre Perry, LTD; Media Distribution Manager, Gallaudet University; Master Control Operations/Library Supervisor, WNVT, Northern Virginia Television.

6. On March 1, 2004, Plaintiff was awarded 500 shares of Viacom's Class B Common Stock for excellent management service to Defendant's BET business unit by Defendant.

7. In January of 2005, Plaintiff contacted the Viacom conduct help line to complain about an insubordinate library staff member, Marcus A. Smith. Mr. Smith made several comments about the Plaintiff.

8. Ms. Lunona Gross, a freelancer, was an eyewitness to the entire account.

9. The Senior Vice President of Defendant's BET business unit was very upset and requested that the Plaintiff not initiate a human resource complaint with Viacom.

10. On January 28, 2005, Betty A. Panarella, Vice President of Viacom human resources contacted the Plaintiff regarding his complaint against Defendant's BET business unit. She asked if the Plaintiff had her permission to contact Quinton Bowman regarding the complaint. Plaintiff agreed to let her speak with Mr. Bowman on his behalf. Ms. Panarella informed the Plaintiff that Donna Copper was going to handle the complaint against Marcus Smith.

11. In February of 2005, Senior Vice President Byron Marchant, of Defendant's BET business unit's CIS Department, decided to restructure the entire department. The Plaintiff's supervisor, Carol Holland, Director of Operation and her assistant resigned from their positions with Defendant's BET business unit. The library department was placed under the direction of Milton Branch, Vice President of Broadcast Operations. The Plaintiff was to report directly to Judy Barton, Director of Content.

12. In July of 2005, the library staff had a meeting with Mr. Marchant. Mr. Marchant asked that all of the Plaintiff's staff attend the meeting and had directed Roosevelt Miller, LA librarian and Nikki Paulino, NYC, librarian to call into the meeting. Mr. Marchant placed the entire staff on 120-day

probation period. Mr. Marchant explained that he wanted to see how the operations would work under the direction of Judy Barton.

13. In August of 2005, Marcus Smith was suspended for five day without pay for non-performance of duties in the library. Mr. Barton and Mr. Branch said they would terminate his employment, however, that never occurred.

14. On September 13, 2005, Nichelle Newsome, an employee who was fired from the Defendant's BET business unit's tape library, requested more than 35 Bobby Jones Gospel programs from the tape library. The Plaintiff contacted Michelle Rogers's department to provide notice about the DVD duplication project. The Plaintiff also informed Ms. Barton about the project and she approved the project.

15. In October of 2005, Judy Barton and the Plaintiff departed on Amtrak to visit Nikki Paulino in the New York Library. During the trip, Ms. Barton kept asking the Plaintiff to submit in writing the promotion for Stephanie Wardrett to supervisor for the Washington D.C. library. The Plaintiff explained to her that Stephanie had problems with attendance and would not be able to perform the duties of a supervisor.

16. On October 12, 2005, James Staten, Senior Manager of Defendant's BET business unit's Interactive Marketing department, requested over 58 gospel artists for the interactive project. Carla Reed, Manager of Programming suggested that the Plaintiff work closely with the project to ensure that the DVDs be delivered to James Staten.

17. In November of 2005, the Plaintiff hired a freelancer to assist with the entire request for the 25th Silver Anniversary of Defendant's BET business unit. Yvette Jackson and Awa Jack were assigned to the Defendant's BET business unit's tape library until the end of December 2005.

18. Nichelle Newsome asked if she could speak with the Plaintiff in his office. Yvette Jackson and Stephanie Wardrett were on the speakerphone in the corporate library. Nichelle began to raise her voice, stating, " Why did you take my DVD copies for Bobby Jones? You are unprofessional and you should have all of my copies for the show?" The Plaintiff asked Ms. Newsome to lower her voice and then asked that she leave his office.

19. The Plaintiff called to Mr. Branch and informed Mr. Branch of Ms. Newsome's actions. Ms. Jackson and Ms. Wadrett could not believe how Ms. Newsome had acted.

20. In December of 2005, Ms. Barton asked the Plaintiff for something in writing to promote Stephanie Wardrett to the level of Supervisor of the library. Roosevelt Miller also requested a promotion to the level of supervisor. Mr. Miller is located in the LA library and holds a Bachelors of Science degree. Ms. Barton denied his request for a promotion.

21. On January 9, 2006, Mr. Branch called the Plaintiff into his office for a meeting. The Plaintiff requested a meeting with Ms. Barton and Mr. Branch to request a promotion to Director. The Plaintiff explained to Mr.

        Branch that after five years of service with the company he would like to become Director of the department.

22. Mr. Branch denied the Plaintiff's request stating that he only had one Director, Ms. Barton. During this meeting, Ms. Barton again requested that the Plaintiff promote Ms. Wardrett. The Plaintiff sent Ms. Barton an e-mail detailing the reasons Ms. Wardrett was not ready for a supervisory position and suggested that Ms. Wardrett be made a senior librarian.

23. On January 13, 2006, Ms. Barton requested that the Plaintiff meet her in the conference room to discuss the performance review he submitted to her office. The Plaintiff went to the conference room and the meeting began the meeting. Ms. Barton stopped the meeting stating that she had forgotten something. She came back into the room and left the door ajar. Within five minutes, Mr. Branch, Donna Cooper, attorney, and Mr. Bowman entered the conference room.

24. Mr. Bowman began to ask about some master tapes that were missing from the Defendant's BET business unit's tape library. Mr. Bowman went on to state that, " we have reason to believe that you shipped tapes to Dr. Bobby Jones and sent him an invoice for payment for some DVD's. We also have several phone calls made from your cell phone to Dr. Jones." Mr. Bowman then stated, "Andre, I believe that you are not telling the truth and we are going to suspend your employment with pay until we notify you about this matter." Ms. Barton and Mr. Bowman escorted the Plaintiff to his car.

25. On January 19, 2006, Defendant, through its BET business unit, informed the Plaintiff that they would terminate his employment due to the missing inventory of Bobby Jones Gospel master and DVD's of the shows.

26. On February 1, 2006, the Plaintiff contacted Byron Johnson, Executive Assistant for Defendant's BET business unit, and informed him that Gail Northern told Plaintiff about the Jazz librarian opening. Mr. Johnson explained to the Plaintiff that Ms. Barton had approached him about the reasons the Plaintiff was no longer the manager of the library.

27. Mr. Johnson stated that Ms. Barton informed him that the Plaintiff was bootlegging Bobby Jones Gospel master tapes, invoicing him for the tapes, and selling them for a profit. Mr. Johnson also stated that Ms. Barton informed him that the Plaintiff had received checks from Dr. Jones for the copies of the master tapes.

28. The Plaintiff explained that both Ms. Barton and Ms. Newsome were involved with a tape duplication project. The Plaintiff further explained that he had not sent Dr. Jones any tapes from the Tape Library and that the Plaintiff was forced to leave his job after five years of service with the company.

29. Ms. Wardrett, who lacks a college degree, is now performing the Plaintiff's duties as the library supervisor.

## COUNT I

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.11

30. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 29.

31. Plaintiff is a member of a protected class based on his sex (male).

32. Plaintiff suffered an unlawful, discriminatory, and adverse change in employment with respect to the terms, conditions, or privileges of his employment, including the denial of promotion and ultimate loss of his job based on his membership in a protected class, namely his sex (male).

33. Plaintiff suffered an unlawful, discriminatory, and adverse employment action, change, limitation and/or classification that deprived and/or tended to deprive Plaintiff of employment opportunities and otherwise adversely affect his status as an employee and/or privileges of employment based on his membership in a protected class, namely his sex (male).

34. Plaintiff's position was subsequently filled by a person outside his protected class.

35. Defendant intentionally discriminated against Plaintiff Andre Combo in violation of the District of Columbia Human Rights Act § 2-1402.11 on account of his sex (male).

## COUNT II

### DEFAMATION

36. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 35.

37. Defendant, Viacom, made and published false and defamatory statements about the Plaintiff, when Ms. Barton made statements to third parties containing false and unsubstantiated allegations about Plaintiff.

38. Mr. Johnson informed the Plaintiff that Ms. Barton was telling people that the Plaintiff was bootlegging Bobby Jones Gospel master tapes, invoicing him for the tapes, and selling them for a profit.  Mr. Johnson also stated that Ms. Barton informed him that the Plaintiff had received checks from Dr. Jones for the copies of the master tapes.

39. As a result of Defendant's defamatory statements, Plaintiff has suffered loss of reputation, standing in his community, as well as having not been considered for potential employment opportunities.

## **RELIEF SOUGHT**

40. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 39.

41. Plaintiff Andre Combo requests the following relief:

42. Compensatory and punitive damages in the amount of $1,000,000.00.

43. Pre- and post-judgment interest and back pay.

44. The costs of litigation, including reasonable attorney's fees and expert witness fees.

45. Such other relief that may be just.

## JURY DEMAND

46. Plaintiff Andre Combo demands a trial by jury.

        Respectfully submitted,

        _____
        Jimmy A. Bell, Esq.
        The Law Office of Jimmy A. Bell, P.C.
        9610 Marlboro Pike
        Upper Marlboro, MD   20772
        (301) 599-7620
        (301) 599-7623 (Fax)
        Bar No. MD 14639

        *Counsel for Plaintiff Andre Combo*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff
2  U.S. Government Defendant
3  Federal Question (U.S. Government Not a Party)
4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*   OR   F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*<br><br>530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | H. *Employment Discrimination*<br><br>442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT*<br><br>895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | J. *Student Loan*<br><br>152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| K. *Labor/ERISA (non-employment)*<br><br>710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)*<br><br>441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | M. *Contract*<br><br>110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | N. *Three-Judge Court*<br><br>441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multi district Litigation
- 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   **JURY DEMAND:**  Check YES only if demanded in complaint  **YES**  **NO**

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  **YES**  **NO**  If yes, please complete related case form.

**DATE**        **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.