IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE COMBO<br><br>Plaintiff,<br><br>v.<br><br>BLACK ENTERTAINMENT TELEVISION, LLC, A.K.A. BET<br><br>Defendant. | Case No. 1:07CV00092<br><br>Judge Gladys Kessler |

ANSWER OF DEFENDANT
BLACK ENTERTAINMENT TELEVISION, LLC

Defendant Black Entertainment Television, LLC ("BET"), by and through its attorneys, files its Answer and Defenses to the Complaint filed by Andre Combo as follows:

In response to the "COMES NOW" paragraph in the Complaint, Defendant admits that Plaintiff purports to present this Complaint against BET to enforce his rights under the District of Columbia Human Rights Act and the common laws of the District of Columbia, but denies that facts exist that would entitle Plaintiff to judgment against Defendant on such claims.

JURISDICTION

1.  In response to Paragraph 1 of the Complaint, Defendant, upon information and belief, admits that Plaintiff is a citizen of the state of Maryland. Defendant further admits that it is a limited liability company chartered in the District of Columbia, and that Plaintiff and Defendant are citizens of different states. Defendant admits that Plaintiff is seeking $1,000,000.00, but denies that facts exist to obtain the relief sought. The remaining allegations in Paragraph 1 of the Complaint assert legal conclusions to which no responsive pleading is required. To the extent a

response is required, Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

## VENUE

2. The allegations in Paragraph 2 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

## STATEMENT OF FACTS

3. Upon information and belief, Defendant admits that Plaintiff is currently a citizen of the state of Maryland. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and therefore denies such allegations.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies such allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies such allegations.

6. In response to Paragraph 6 of the Complaint, Defendant avers that in or around January 2005, Plaintiff received 500 shares of Viacom Inc.'s ("Viacom") Class B common stock options as part of the Viacom Share the Vision Program, which recognized outstanding performance by junior employees for calendar year 2004.

7. In response to Paragraph 7 of the Complaint, Defendant avers that Plaintiff called Viacom's "Openline," a voice message system provided by Viacom to receive

business conduct complaints, to complain about Marcus A. Smith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies such allegations.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies such allegations.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendant avers that on or about January 28, 2005, Betty A. Panarella, Viacom's Senior Vice President, Human Resources, contacted Plaintiff regarding his complaint. Defendant further avers that Panarella asked Plaintiff whether he would like her to contact Quinton Bowman regarding the Complaint, and Plaintiff agreed. Defendant further avers that Panarella later informed Plaintiff that Donna Cooper was going to handle his complaint against Marcus Smith. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendant avers that the library department was reorganized in the fall of 2005. Defendant further avers that Carol Holland resigned from her position in June 2005. Defendant further avers that Milton Branch eventually began to oversee the library department. Defendant further avers that Judy Barton became Plaintiff's direct supervisor. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12, Defendant avers that in or around July 2005, the library staff was informed that they would receive performance plans that would define their duties, and such performance plans would be reviewed after 120 days. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendant avers that Marcus Smith was suspended for three days in July 2005. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies that either Judy Barton or Michelle Rogers approved the DVD duplication project referenced in Paragraph 14 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore denies such allegations.

15. In response to Paragraph 15 of the Complaint, Defendant avers that Plaintiff and Judy Barton traveled to New York City together. Defendant further avers that, during that trip, Plaintiff informed Barton of Stephanie Wardrett's alleged attendance problems. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies such allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies such allegations.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies such allegations.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies such allegations.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendant avers that Plaintiff met with Milton Branch to request a promotion in January 2006. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant avers that Milton Branch denied Plaintiff's request for a promotion. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. In response to Paragraph 23, Defendant avers that on or about January 13, 2006, Milton Branch, Donna Cooper, Quinton Bowman, and Judy Barton met with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore denies such allegations.

24. In response to Paragraph 24 of the Complaint, Defendant avers that on or about January 13, 2006, Plaintiff was suspended with pay due to questions about his compliance with the Viacom Business Conduct Statement. Defendant further avers that Quinton Bowman and Judy Barton escorted Plaintiff to his car following his suspension. Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and therefore denies such allegations.

25. In response to Paragraph 25 of the Complaint, Defendant avers that on or about January 19, 2006, it planned to terminate Plaintiff for violation of the Viacom Business Conduct Statement. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies such allegations.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

## COUNT 1

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.11

30. Defendant incorporates by reference its responses to Paragraphs 1 through 29 above.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint assert legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

## COUNT II

## DEFAMATION

36. Defendant incorporates by reference its responses to Paragraphs 1 through 35 above.

37. The allegations in Paragraph 37 assert legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies such allegations.

39. The allegations in Paragraph 39 assert legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

## RELIEF SOUGHT

40. Defendant incorporates by reference its responses to Paragraphs 1 through 39 above.

41. In response to Paragraph 41 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to request relief in his Complaint, but denies that Plaintiff is entitled to any of the relief requested.

42. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 42 of the Complaint.

43. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 43 of the Complaint.

44. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 44 of the Complaint.

45. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 45 of the Complaint.

## JURY DEMAND

46. In response to Paragraph 46 of the Complaint, Defendant admits that Plaintiff demands a jury trial. Whether a trial by jury is available to Plaintiff is a legal conclusion to which no responsive pleading is required.

Defendant denies every allegation, whether express or implied, that is not unequivocally or specifically admitted in the Answer. Defendant further denies that Plaintiff is entitled to any of the relief requested in his Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted under the D.C. Human Rights Act, D.C. Code Ann. § 2-1402.11.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff has failed to timely and properly exhaust all administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

5. To the extent Plaintiff is found to have suffered harm, no such harm occurred as a result of conduct on the part of Defendant.

6. Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive damages.

7. Because Defendant did not discriminate against Plaintiff based on his gender, and did not otherwise harm Plaintiff, Plaintiff is not entitled to any compensatory damages, punitive damages, pre- and post-judgment interest, the costs of litigation, including reasonable attorneys' fees and expert witness fees, or any other such relief.

8. Plaintiff's defamation claims are barred because the allegedly defamatory statements are true.

9. Plaintiff's defamation claims are barred because there was no publication to a third party.

10. The allegedly defamatory statements made by Defendant are covered by privilege, including but not limited to the common interest privilege, which bars Plaintiff's claims.

11. Plaintiff has failed to allege any willful or intentional conduct that would support a finding of punitive damages.

12. To the extent Plaintiff is found to have incurred any damages, he has failed to mitigate damages in whole or in part.

13. Defendant reserves the right to assert additional affirmative defenses as may be discovered during the course of this litigation.

Date: March 27, 2007                                 Respectfully submitted,

                                                     _____/s/_____
                                                     Grace E. Speights (D.C. Bar # 392091)
                                                     John S. Ferrer (D.C. Bar # 489679)
                                                     Morgan, Lewis & Bockius LLP
                                                     1111 Pennsylvania Ave., NW
                                                     Washington, D.C. 20004
                                                     Phone: (202) 739-5189
                                                     Fax: (202) 739-3001

                                                     Attorneys for Defendant Black Entertainment
                                                     Television, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2007, a copy of the foregoing Answer was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, MD 20772

>/s/
>John S. Ferrer